UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ELMER PATRICIO AVILA,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX, *et al.*,

Respondents.

Case No.  1:26-cv-04274   (NW)

**ORDER GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER, ENTERING PRELIMINARY INJUNCTION, AND DENYING RESPONDENTS' MOTION TO DISMISS**

Re: ECF Nos. 1, 2, 7

On June 4, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (ECF No. 1) and a Motion for Temporary Restraining Order (ECF No. 3) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE").  For the reasons that follow, the Court converts Petitioner's Motion for a Temporary Restraining Order to a Preliminary Injunction, and ORDERS Respondents to immediately release him from their custody.

## I.    BACKGROUND

Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders.  Fleeing Mexico, Petitioner entered the United States on March 5, 2024, and was taken into custody by the Department of Homeland Security ("DHS").  ECF No. 1 ¶¶ 25–26.  On March 11, 2024, Petitioner was released from custody on his own recognizance and placed in removal proceedings.  *Id*. ¶ 26.  After his release, Petitioner began living in Dallas, Texas, where he "established ties in the community, worked, and lived without any allegation that he posed a danger to the community or a flight risk.  *Id*. ¶ 28. Respondents did not argue or produce any evidence to the contrary, such as a criminal RAP sheet. On March 25, 2026, ICE officers detained Petitioner when he appeared for a scheduled ICE

reporting appointment in Dallas, Texas.  *Id*. ¶ 20.  This Habeas Petition and Motion for a Temporary Restraining Order followed.

## II.   LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted).  The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Respondents had notice and opportunity to respond in opposition, *see* ECF Nos. 6, 7, and neither party objected to converting the motion to a motion for preliminary injunction or requested a hearing.  Petitioner's motion is therefore converted to a motion for preliminary injunction.

To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest.  *Winter*, 555 U.S. 7, 20 (2008).  The likelihood of success on the merits is the most important *Winter* factor.  *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

## III.   DISCUSSION

On June 4, 2026, the Court issued an order to show cause on the motion for a temporary restraining order directing Respondents to identify any factual issues which distinguish this case from *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026), *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026), *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026), and *Diaz Luque v. Warden, California City Corr. Ctr.*, No. 1:26-CV-03457-NW, 2026 WL 1475815 (E.D. Cal. May 26, 2026).  ECF No. 6.  Respondents filed an opposition on June 7, 2026, arguing that this matter is distinguishable from those prior orders because Petitioner has received a bond hearing before an immigration judge.  ECF No. 7 at 4.  Respondents further argue that the court lacks jurisdiction to review the petition because "Petitioner seeks to restrain DHS from

United States District Court
Eastern District of California

exercising statutorily delegated authority in attempts to enjoin DHS from re-detaining Petitioner[,]" and such "challenges are jurisdictionally barred when tied to removal enforcement actions." *Id*. at 5.

### A.    Likelihood of Success on the Merits

The Court rejects both of Respondents' arguments and finds that Petitioner has shown a likelihood of success on his due process claim.  None of the jurisdictional statutes Respondents cite strip this Court of jurisdiction, and requiring Petitioner to exhaust his administrative remedies under these circumstances would be futile.

### 1.    Jurisdiction

Turning first to 8 U.S.C. § 1252(b)(9), that statute mandates that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter shall be available only in judicial review of a final order."  8 U.S.C. § 1252(b)(9) (emphasis added).  The Ninth Circuit, however, has explained that "'[Section] 1252(b)(9) has built-in limits,' specifically, 'claims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9).'"  *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020) (citing *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016)).  "[C]laims challenging the legality of detention pursuant to an immigration detainer are independent of the removal process."  *Id*.  Petitioner's claim challenging his continued detention during the pendency of his removal proceedings fall squarely in this category.

As to 8 U.S.C. § 1252(a)(5), that statute explains that "a petition for review filed with an appropriate court of appeals … shall be the sole and exclusive means for judicial review of an *order of removal* entered or issued under any provision of this chapter."  8 U.S.C. § 1252(a)(5) (emphasis added).  Here, Petitioner is challenging his continued detention, not an order of removal.  In fact, neither party has indicated that there is a final order of removal in place, and review of the immigration court's docket indicates that Petitioner's immigration case is ongoing. *See* https://acis.eoirjustice.gov/en/caseInformation.  As such, § 1252(a)(5) is inapplicable.

United States District Court
Eastern District of California

Finally, 8 U.S.C. § 1252(g) provides that "[e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision ... no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Ninth Circuit has explained that this statute should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 996, 1005–07 (9th Cir. 2025) (emphasis in original). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at 997. And it "does not bar due process claims." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1073 (S.D. Cal. 2025).

Petitioner here does not contest the charges brought against him or the initiation of removal proceedings. Rather, Petitioner argues that his continued detention during the pendency of his removal proceedings, without any showing of changed circumstances since his prior release on his own recognizance, violates his due process rights. Therefore, § 1252(g) does not limit the Court's jurisdiction in the present case.

### 2. Exhaustion

"Exhaustion can be either statutorily or judicially required." *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004). While 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by, Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Prudential exhaustion may be required if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the

4

need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citing *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)).  "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"  *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Court finds that exhaustion would be futile under these circumstances and waives the prudential exhaustion requirement.  The Immigration Judge that denied Petitioner bond, did so based on a finding that it lacked jurisdiction to grant release under the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*.  In *Matter of Yajure Hurtado*, the BIA found that "aliens who are present in the United States without admission are applicants for admission as defined under … 8 U.S.C. § 1225(b)(2)(A)," "must be detained for the duration of their removal proceedings[,]" and are "ineligible for a bond hearing[.]"  29 I. & N. Dec. 216, 220, 225 (BIA 2025).  Given that an appeal of the IJ ruling here would result in an identical outcome under this precedent, "any bond request pursuant to that statute would be futile."  *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1044 (E.D. Cal. 2025) (waiving administrative exhaustion where appeal would garner an identical result under BIA precedent); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7 n. 9 (E.D. Cal. Oct. 27, 2025) ("pursuit of administrative remedies would almost certainly be futile given the BIA's recent holding that all noncitizens present in the United States without admission are 'seeking admission' for purposes of 8 U.S.C. § 1225(b)(2)(A) and must be detained"); *Cornejo v. Andrews*, No. 1:25-CV-02062 JLT HBK, 2026 WL 237748, at *4 (E.D. Cal. Jan. 29, 2026).

### 3.    Due Process

Many prior orders within this district are dispositive on the due process issues raised in the Petition and motion for a temporary restraining order.  *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026); *Jose E.S.M. v. Warden, California City*

United States District Court
Eastern District of California

*Immigr. Processing Ctr.*, No. 1:26-CV-04100-MWJS, 2026 WL 1537215 (E.D. Cal. June 1, 2026); *Estevez v. Warden*, No. 2:26-CV-00778-JLT-EPG, 2026 WL 905120 (E.D. Cal. Apr. 2, 2026).

Aside from Respondents' exhaustion argument addressed above, Respondents have not identified any factual difference between these prior cases and the petition here.  As such, for the reasons stated in those cases, Petitioner has shown a strong likelihood of success on his due process claim.  Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release.  Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

### B.      Irreparable Harm

It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"  *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017) (recognizing the "irreparable harms imposed on anyone subject to immigration detention" and holding that plaintiffs had "established a likelihood of irreparable harm by virtue of the fact that they are likely to be unconstitutionally detained for an indeterminate period of time").  Indeed, where "the alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."  *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (internal quotation marks omitted).  Under the circumstances, the court finds that Petitioner has been and would continue to be irreparably harmed by the continued deprivation of his liberty in violation of his due process rights.

### C.      Balance of the Equities and Public Interest

As for the balance of equities and the public interest factors of the inquiry, these factors

United States District Court
Eastern District of California

merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). This inquiry favors Petitioner. Although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining Petitioner without a hearing is low.

## IV.    CONCLUSION AND ORDER

Accordingly, for the reasons explained above:

1.    Petitioner's motion is granted.

2.    Respondents are ORDERED to immediately release Petitioner from Respondents' custody;

3.    This order does not preclude Respondents from re-detaining Petitioner if he becomes subject to a final order of removal;

4.    Respondents shall answer the Petition for Writ of Habeas Corpus by July 14, 2026;

5.    Petitioner may file a traverse by July 28, 2026.

**IT IS SO ORDERED.**

Dated: June 18, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California

7