UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER PATRICIO AVILA,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, GOLDEN STATE ANNEX, *et al.*,<br><br>    Respondents. | Case No. 1:26-cv-04274-NW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: ECF No. 1 |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus seeking either release or, in the alternative, a constitutionally adequate bond hearing.  Dkt. No. 1 at 12.  For the reasons explained below, the petition is GRANTED.

Petitioner initiated this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and an application for a temporary restraining order.  ECF No. 1.  The Government timely responded to the application for the temporary restraining order.  *See* ECF No. 7.  The Court granted the application in part, entered a preliminary injunction, and ordered that Petitioner be released from custody.  *See Avila v. Warden, Golden State Annex*, No. 1:26-CV-04274 (NW), 2026 WL 1765353 (E.D. Cal. June 18, 2026).

The facts relevant to the instant petition were previously described by the Court in ruling on Petitioner's application for a temporary restraining order and entering a preliminary injunction.  In sum, Petitioner entered the United States on March 5, 2024, and was taken into custody by the Department of Homeland Security ("DHS").  ECF No. 1 ¶¶ 25–26.  On March 11, 2024, Petitioner was released from custody on his own recognizance and placed in removal proceedings.  *Id*. ¶ 26.  He was re-detained on March 25, 2026, when appearing for a scheduled ICE reporting appointment in Dallas, Texas.  *Id*. ¶ 20.  Following his arrest, Petitioner requested a custody

redetermination hearing before an Immigration Judge, which was held on May 27, 2026.  Dkt. No. 1-1 at 2.  The Immigration Judge denied bond, finding it had no jurisdiction to grant such relief under *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

For the reasons discussed in the Court's order granting a preliminary injunction, the Petition is GRANTED as to Petitioner's due process claim.  *See Avila*, 2026 WL 1765353 at *3. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release.  Petitioner has a clear liberty interest in his continued freedom.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders addressing facts nearly identical to these, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.  *See, e.g.*, *Diaz Luque v. Warden, California City Corr. Ctr.*, No. 1:26-CV-03457-NW, 2026 WL 1475815, at *3–4 (E.D. Cal. May 26, 2026); *Meneses v. Warden of the Cent. Valley Annex*, No. 1:26-CV-04040-NW, 2026 WL 1898978, at *2–3 (E.D. Cal. July 1, 2026); *Kumar v. Becerra*, No. 1:26-CV-05926-NW, 2026 WL 2260112, at *1 (E.D. Cal. Aug. 4, 2026).

Following the entry of the preliminary injunction, Respondents filed a supplemental response re-raising their argument that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies by appealing the Immigration Judge's bond order to the Board of Immigration Appeals before his deadline to appeal expired.  ECF No. 10 at 4–7.  The Court rejects this argument for the same reasons stated in its order entering the preliminary injunction.  *Avila*, 2026 WL 1765353 at *3.  Requiring Petitioner to appeal the bond denial before he could seek habeas relief would have been futile given BIA authority holding that noncitizens like Petitioner are not entitled to release on bond.  "The Court joins the multitude of district courts to consider this issue recently in the context of habeas petitions filed by immigrant detainees and finds 'pursuit of administrative remedies would almost certainly be futile given the BIA's recent holding that all noncitizens detained in the United States without admission are "seeking

United States District Court
Eastern District of California

admission" for purposes of 8 U.S.C. § 1225(b)(2)(A) and must be detained[,]'" as the Immigration Judge did here. *Cerro Huerta v. Bondi*, No. 1:25-CV-00941-JLT-HBK (HC), 2026 WL 74152, at *3 (E.D. Cal. Jan. 9, 2026) (*quoting Singh v. Andrews*, No. 1:25-CV-01543-DCJ-SCR, 2025 WL 3523057, at *2 (E.D. Cal. Dec. 9, 2025)) (collecting cases); *see also Prem S. v. Warden of Golden State Annex Det. Facility*, No. 1:25-CV-01869-TLN-SCR, 2025 WL 3724854, at *2 (E.D. Cal. Dec. 24, 2026) ("fundamentally disagree[ing]" with the government's exhaustion argument because "it is clear any immigration judge and the BIA would accept § 1225(b)(2) applies to Petitioner given the BIA's recent decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), and therefore declining to "subject Petitioner to a fruitless exercise where this [is] a predetermined outcome").

For the reasons indicated in the Court's order granting a preliminary injunction, the Petition is GRANTED as to Count One. Because it is unnecessary to resolve the remaining count in the Petition, the court declines to do so. The preliminary injunctive relief previously granted, ECF No. 9, is made permanent. Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: August 12, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California

3